**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4869**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KARYEA WILLIAMS,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:13-cr-00816-TMC-1)

———————————

Submitted:  June 18, 2015            Decided:  June 24, 2015

———————————

Before WILKINSON, DUNCAN, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karyea Williams appeals his conviction and the 262-month sentence imposed by the district court following his guilty plea to using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). On appeal, Williams' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he found no meritorious grounds for appeal but questioning whether Williams' sentence is reasonable. Williams was advised of his right to file a pro se supplemental brief, but he has not filed one.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed "must be sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). If the sentence imposed is

2

within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing Williams' sentence and, thus, did not abuse its discretion in sentencing him to 262 months' imprisonment. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED